IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 8, 2013

# JASON CLARK v. AVRIL CHAPMAN, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15335     Jim T. Hamilton, Judge**

**No. M2013-01085-CCA-R3-HC     Filed October 14, 2013**

The Petitioner, Jason Clark, appeals the Wayne County Circuit Court's dismissal of his petition seeking a writ of habeas corpus. The Petitioner contends that the habeas corpus court erred when it dismissed his petition without providing a reason for the dismissal in its order, depriving the Petitioner of an opportunity to respond. Upon a review of the record in this case, we are persuaded that the habeas court properly dismissed the petition for habeas corpus relief. Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROGER A. PAGE, JJ., joined.

Jason Clark, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel, Criminal Justice Division, for the Appellee, State of Tennessee.

## OPINION
### I. Facts and Procedural History

The Petitioner, Jason Clark, pled guilty to one count of first degree murder and one count of especially aggravated robbery, and the trial court sentenced him to a life sentence plus a concurrent sentence of fifteen years. The Petitioner filed a *pro se* petition for habeas corpus relief, which the trial court summarily dismissed on the grounds that the Petitioner had failed to state a cognizable claim for relief. On appeal, this Court affirmed the dismissal of the petition. *Jason Clark v. Cherry Lindamood, Warden*, No. M2008-01926-CCA-R3-HC, 2009 WL 723477 (Tenn. Crim. App., at Nashville, March 18, 2009), *no Tenn. R. App.*

*P. 11 application filed*.

The Petitioner filed a second *pro se* petition seeking a writ of habeas corpus, claiming that his sentence was in direct violation of the Tennessee Constitution and also in direct violation of statute. He further claimed that, as a juvenile at the time of the crime, he could not have had the necessary mental capacity to form the intent required for the crime, and thus the trial court was without jurisdiction to impose its order of judgment. The State responded by filing a motion to dismiss, asserting that the Petitioner's sentence was not void and his sentence had not expired, and, therefore, the petition must be dismissed. On April 4, 2013, the trial court summarily entered an order granting the State's motion to dismiss the Petitioner's habeas corpus petition. In its order, the habeas court stated that the Petitioner had failed to comply with procedural requirements for habeas relief because he had not attached copies of his first petition as required. The court further stated that the Petitioner had made no showing that the trial court had imposed an illegal sentence or that his claims were constitutionally cognizable in a habeas petition. It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition because the court failed to provide its reasoning for dismissal, depriving the Petitioner of an opportunity to respond to the State's motion. The State counters that the habeas court properly dismissed the petition because the Petitioner did not comply with procedural requirements and because the judgment did not show the Petitioner was illegally sentenced or that his sentenced had expired. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence

2

the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165. The formal requirements for a petition for a writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004); *James M. Grant v. State*, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208 (Tenn. Crim. App., at Nashville, Oct. 2, 2006), *no Tenn. R. App. P. 11 application filed*.

It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

The Petitioner contends that the trial court failed to provide a reason for its dismissal of the petition. We disagree. In reviewing the Petitioner's petition, we agree with the State that the Petitioner failed to attach his previous petition for habeas relief. This is in direct violation of the specific procedural requirements provided in Tennessee Code Annotated section 29-21-107. Subsection (b)(4) of the statute requires any prior petitions for relief filed by the Petitioner to be attached to the current petition. As we have already stated, where the procedural requirements for a habeas corpus petition are not met, the petition can properly be dismissed. *Hickman*, 153 S.W.3d at 21. Even assuming the Petitioner had complied with the procedural requirements, he has not presented an issue that is appropriate for habeas corpus relief. The Petitioner has not alleged that the judgment of his conviction is void on its face or that he is serving an expired sentence. Thus, the Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the Petitioner failed to scrupulously follow the statutory requirements for a petition for habeas corpus relief, and he has failed to show that his sentence has expired or that his judgment is void. As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE